**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 1:25-cv-20703**

SEBASTIAN TORO,

  Plaintiffs,

v.

T D ROOFING & WATERPROOFING LLC
AND ANDRES TRUEBA

  Defendants.

               /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SEBASTIAN TORO, brings this action against Defendants, T D ROOFING & WATERPROOFING LLC ("TD Roofing") and ANDRES TRUEBA ("Mr. Trueba") (collectively referred to as "Defendants") to recover overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). In support thereof, Plaintiff states as follows:

## PARTIES

1.  Plaintiff is an individual who resides in Miami-Dade County, Florida and is a former employee of the Defendants.

2.  Defendant, TD Roofing is a Florida Limited Liability Company that does business in Florida, including in Miami-Dade County, Florida.

3.  Mr. Trueba is the manager and owner of TD Roofing, who was responsible for managing the day-to-day operations of the business and who hired the Plaintiff, set his rate of pay, and scheduled the Plaintiff's jobs and work hours.

1

4.     Defendants, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times, including without limitation, directly or indirectly controlling the terms of employment.

5.     At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

6.     At all times pertinent to this Complaint, Plaintiff's work activities involved commerce such that Plaintiff is covered by individual coverage under the FLSA.

7.     At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods and/or materials that has been moved in or produced for commerce.

8.     Based upon information and belief, the annual gross revenue volume of Defendants was in excess of $500,000.00 per annum at all times material hereto.

9.     At all times pertinent to this Complaint, the Defendants was an enterprise in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act.

10.     Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337, and by 29 U.S.C. § 216(b).

11.     Venue is proper pursuant to 28 U.S.C. § 1391.  The Court has jurisdiction over Defendant, and in regard to Plaintiff in that the acts from which this lawsuit arises occurred in the Southern District of Florida.

**STATEMENT OF FACTS**

12.     Plaintiff was a non-exempt employee who began working for Defendants in 2020, but the relevant period of employment for purposes of this lawsuit is August 2022 through November 25, 2024.

13.     Plaintiff was one of approximately twenty employees who worked for Defendants performing roof work, including tearing off shingles, placing shingles, recovering shingles, and moving employees to and from job sites.

14.      Plaintiff regularly worked Monday through Friday, but in certain weeks he was also required to work Saturday and Sundays.

15.     The Plaintiff regularly started work at 7:00 am, but on certain days he would start as early at 5:50 am.

16.     Plaintiff and other employees would travel straight to the job site where they would work the for day and subsequent days until the job was completed.

17.     Sometimes, Plaintiff had to travel for work, and the Defendant paid the costs associated with travel.

18.     Plaintiff's pay fluctuated between $19.00 per hour and $20.00 per hour.

19.     The Defendants did not pay Plaintiff time and one half his regular hourly rate for weeks during which he worked more than forty hours per week.

20.     Instead, Defendants paid Plaintiff his regular hourly rate for all hours worked.

21.     Therefore, Plaintiff is owed a half-time rate for all overtime hours worked during the relevant period of time.

22.     Plaintiff regularly worked ten hours per day.

23.     Plaintiff believes that he worked on average sixty hours per week.

3

24.     Therefore, Plaintiff is owed approximately twenty (20) overtime hours each week at a half-time rate.

25.     Plaintiff believes he is owed approximately $200 per week during the relevant time period.

26.     The Defendants, at times, kept track of Plaintiff's hours worked each week.

27.     All time records, if any, are in the possession of Defendants.

28.     Defendants failure to properly compensate Plaintiff was both knowingly and willful.

29.     Defendants knew they were violating the FLSA by not compensating the Plaintiff properly.

30.     Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### <u>COUNT I – FEDERAL OVERTIME WAGE VIOLATION</u>

31.     Plaintiffs re-allege paragraphs 1-30 above.

32.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

33.     By reason of said intention, willful and unlawful acts of Defendants, Plaintiff has suffered damages, plus incurred costs and reasonable attorneys' fees.

34.     As a result of Defendant's willful violation of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, SEBASTIAN TORO, demands judgment against Defendants, TD ROOFING AND WATERPROOFING, LLC, and ANDRES TRUEBA for the payment of all

overtime hours at one and one-half her regular rates of pay, liquidated damages and reasonable

attorneys' fees and costs of suit, and such further relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues triable as of right by jury.

Dated: February 14, 2025.

Respectfully submitted,

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
T: (954) 894-3035
E-mail: jauerbach@gallup-law.com

By:      */s/ Jacob Auerbach*
          Jacob Auerbach
          Florida Bar No.: 0084003