**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:25-cv-20703-RAR**

SEBASTIAN TORO**,**

  Plaintiff**(s),**

**v.**

TD ROOFING & WATERPROOFING LLC, a Florida
Limited liability company and
ANDRES TRUEBA, Individually

  Defendants.

_____/

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

For their Answer to Plaintiff's Complaint, Defendants, TD ROOFING &
WATERPROOFING LLC., and ANDRES TRUEBA, (collectively, "Defendants") state as
follows:

1. Defendants deny the allegations contained in Paragraph 1

2. Defendants admit the allegations contained in Paragraph 2

3. Defendants deny the allegations contained in Paragraph 3

4. Defendants deny the allegations contained in Paragraph 4

5. Defendants deny the allegations contained in Paragraph 5

6. Defendants deny the allegations contained in Paragraph 6.

7. Defendants deny the allegations contained in Paragraph 7

8. Defendants deny the allegations contained in Paragraph 8

9. Defendants deny the allegations contained in Paragraph 9

10. Defendants admit the allegations contained in Paragraph 10.

11.     Defendants deny the allegations contained in Paragraph 11.

12.     Defendants deny the allegations contained in Paragraph 12.

13.     Defendants deny the allegations contained in Paragraph 13

14.     Defendants deny the allegations contained in Paragraph 14.

15.     Defendants deny the allegations contained in Paragraph 15.

16.     Defendants deny the allegations contained in Paragraph 16.

17.     Defendants deny the allegations contained in Paragraph 17

18.     Defendants deny the allegations contained in Paragraph 18

19.     Defendants deny the allegations contained in Paragraph 19

20.     Defendants deny the allegations contained in Paragraph 20.

21.     Defendants deny the allegations contained in Paragraph 21.

22.     Defendants deny the allegations contained in Paragraph 22.

23.     Defendants deny the allegations contained in Paragraph 23.

24.     Defendants deny the allegations contained in Paragraph 24.

25.     Defendants deny the allegations contained in Paragraph 25.

26.     Defendants deny the allegations contained in Paragraph 26.

27.     Defendants deny the allegations contained in Paragraph 27.

28.     Defendants deny the allegations contained in Paragraph 28.

29.     Defendants deny the allegations contained in Paragraph 29.

30.     Defendants deny the allegations contained in Paragraph 30.

31.     Defendants deny the allegations contained in Paragraph 31.

32.     Defendants deny the allegations contained in Paragraph 32.

33.     Defendants deny the allegations contained in Paragraph 33.

34.     Defendants deny the allegations contained in Paragraph 34.

### AS TO GENERAL ALLEGATIONS AND ALL COUNTS

All material allegations in the Complaint not specifically admitted herein are denied and strict proof is demanded thereof.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action upon which relief may be granted in all Counts of the Complaint filed in this matter.  Specifically, Plaintiff has failed to set forth the elements for an unpaid wage claim.

### SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, as this Court does not have the power or competent Subject Matter Jurisdiction over the Defendants to decide the kind of controversy that is involved in this cause of action as detailed in the Complaint filed in this matter.

### THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, as this Court does not have jurisdiction over the Defendants.  Specifically, Defendant, B.L. BAKERY INC., are not an "enterprise" as defined under the Fair Labor Standards Act.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, as Defendants are not engaged in Interstate Commerce for purposes of FLSA.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, because Plaintiff is not engaged in manufacturing goods for Interstate Commerce – no "Individual Coverage."

## SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, because Plaintiff was not an employee as defined by the Fair Labor Standards Act.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, because Plaintiff was not a covered employee under the Fair Labor Standards Act as envisioned by 29 U.S.C. 207 (a)(1).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was paid for all overtime hours worked..

## NINTH AFFIRMATIVE DEFENSE

Plaintiff was paid in excess of time and a half for overtime hours.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute(s) of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the common law doctrines of unclean hands, estoppel, waiver, and/or laches.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Defendant has at all times acted reasonably and in good faith towards Plaintiff and has not violated any rights which may be secured to Plaintiff and others similarly situated under any federal, state or local laws, rules, regulations, orders or ordinances.

**THIRTEENTH AFFIRMATIVE DEFENSE**

At no time did Defendant act "willfully" within the meaning of the FLSA. Therefore, Plaintiff is barred from recovering liquidated damages.  Furthermore, Plaintiff's claim for liquidated damages under the FLSA is barred on the grounds that, pursuant to 29 U.S.C. §§ 258(a) and 259(a), Defendant, in good faith, has acted in conformity with and in reliance upon written administrative regulations regarding the acts or admissions alleged in the Complaint and its actions were neither wrongful nor reckless.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Any amounts due to Plaintiff should be set off by payments received by Plaintiff from Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for damages is barred, in whole or in part, because Plaintiff failed to reasonably mitigate her damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to overtime during those weeks she worked less than 40 hours.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to overtime for periods during which she performed no work, took leave, was absent from the workplace, took holidays, or voluntarily attended functions.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, must be limited to the extent the employer is entitled to a credit for the reasonable cost of providing meals and lodging to the Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiff has asserted claims that Plaintiff knows are false.  Defendant is entitled to attorneys' fees and costs and other appropriate sanctions.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's minimum wage claims are barred because Defendant was not provided with the requisite written notice of the minimum wage claim and an opportunity to cure any underpayment.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional affirmative defenses or counter-claims, which may become known during the course of discovery.  Defendants reserve all other defenses available under the FLSA.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

No case or controversy exists between the Plaintiff and Defendant as the claims of Plaintiff are moot.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

On information and belief, the Complaint is barred, in whole or in part, because Plaintiff may be exempted from the provisions of §207 of the FLSA under the executive exemption.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because Defendant has at all times acted reasonably and in good faith with respect to its obligations pursuant to 29 C.F.R. section 516.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant asserts upon information and belief, Plaintiff's work place had in place a mechanism to ensure correct payment of wages to employees and Plaintiff failed to abide by it and failed to report alleged errors in wages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of setoff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not complain that he was not being paid overtime or, if he did, Defendants had no knowledge of such complaints.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

In the event and to the extent that any overtime is found to be due to Plaintiff, such overtime should be computed pursuant to the "half time" method of computing overtime wages.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff attempts to bring a collective action and/or seeks certification for a collective action, her claim is barred as there exists no similarly situated employees and/or there are no similarly situated employees who desire to opt-in to this action.

### THIRTIETH AFFIRMATIVE DEFENSE

On information and belief, the Complaint is barred, in whole or in part, because Plaintiff may be exempted from the provisions of §207 of the FLSA under the administrative exemption.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant asserts that he is not an "employer" as required by the FLSA.  Defendant did not act in relation to Plaintiff.  Defendant did not exercise operational control over the Plaintiff's work schedule and pay and was not a supervisor of Plaintiff under the law.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, award Defendants their costs and attorneys' fees incurred in this action, and award Defendants any such other relief that this Court deems just and proper.

Dated: June 13, 2025

Respectfully submitted,

/s/ Elvis J. Adan_____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 13, 2025, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

**Jacob Karl Auerbach**
Gallup Auerbach
5521 N. University Drive, Suite 204
Coral Springs, FL 33067
954-906-8228
Email: jauerbach@gallup-law.com
*ATTORNEY TO BE NOTICED*

/s/ Elvis J. Adan_____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000